**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 23-4187

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

IVAN LELANE SMITH,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Dever III, District Judge.  (5:08-cr-00184-D-1)

Submitted:  December 21, 2023                        Decided:  February 8, 2024

Before KING and QUATTLEBAUM, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** G. Alan DuBois, Federal Public Defender, Andrew DeSimone, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellee. Michael F. Easley, Jr., United States Attorney, David A. Bragdon, Assistant United States Attorney, Kristine L. Fritz, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ivan Lelane Smith appeals the district court's judgment revoking his supervised release and sentencing him to 24 months' imprisonment.  Smith argues that the district court violated his due process right by prejudging him guilty of absconding from supervision and that the court failed to adequately address several mitigating arguments he presented in support of a lower sentence.  We affirm.

"One of the most fundamental rights of an accused is the right to a fair [hearing] by an impartial tribunal."  *United States v. Cassiagnol*, 420 F.2d 868, 878 (4th Cir. 1970).  However, because Smith did not raise his due process claim in the district court, we review only for plain error.  *See United States v. Combs*, 36 F.4th 502, 505 (4th Cir. 2022).  To succeed on plain error review, "the trial judge's comments [must be] so prejudicial as to deny a party an opportunity for a fair and impartial [hearing]."  *United States v. Godwin*, 272 F.3d 659, 679 (4th Cir. 2001) (internal quotation marks omitted).  We have reviewed the record and conclude that the comments made by the district judge were not so egregious as to deny Smith an opportunity for a fair hearing before an impartial tribunal.  *Cf. Belue v. Leventhal*, 640 F.3d 567, 573 (4th Cir. 2011) (noting, in review of recusal motion, that "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings almost never constitute a valid basis for a bias or partiality motion").  We therefore find no plain error.

With respect to Smith's sentence, "[a] district court has broad discretion when imposing a sentence upon revocation of supervised release."  *United States v. Webb*, 738 F.3d 638, 640 (4th Cir. 2013).  Thus, we will "affirm a revocation sentence so long as it is

2

within the prescribed statutory range and is not plainly unreasonable." *United States v. Coston*, 964 F.3d 289, 296 (4th Cir. 2020) (internal quotation marks omitted).  When reviewing whether a revocation sentence is plainly unreasonable, we first determine "whether the sentence is unreasonable at all." *Id.* (internal quotation marks omitted).

"A revocation sentence is procedurally reasonable if the district court adequately explains the chosen sentence after considering the Sentencing Guidelines' nonbinding Chapter Seven policy statements and the applicable 18 U.S.C. § 3553(a) factors," *id.* at 297 (internal quotation marks omitted), and the explanation indicates "that the court considered any potentially meritorious arguments raised by the parties," *United States v. Patterson*, 957 F.3d 426, 436-37 (4th Cir. 2020) (internal quotation marks omitted).  The sentencing court "need not be as detailed or specific when imposing a revocation sentence as it must be when imposing a post-conviction sentence," but "it still must provide a statement of reasons for the sentence imposed." *United States v. Slappy*, 872 F.3d 202, 208 (4th Cir. 2017) (internal quotation marks omitted).  Indeed, a revocation sentence "need not always be accompanied by a fulsome explanation for [the court's] acceptance or rejection of the parties' arguments in favor of a particular sentence because, in many circumstances, a court's acknowledgment of its consideration of the arguments will suffice." *Patterson*, 957 F.3d at 438 (emphasis omitted).  Further, "[w]here a sentencing court hears a defendant's arguments and engages with them at a hearing, we may infer from that discussion that specific attention has been given to those arguments." *United States v. Nance*, 957 F.3d 204, 213 (4th Cir. 2020).

3

We conclude that Smith's revocation sentence is procedurally reasonable.  While Smith argues that the district court should have more thoroughly addressed his mitigating arguments, the record reflects that the court explicitly or implicitly engaged with many of those arguments.  In any event, we "will not vacate a sentence simply because the court did not spell out what the context of its explanation made patently obvious: namely, that a shorter prison term was inappropriate under the circumstances."  *United States v. Lester*, 985 F.3d 377, 386 (4th Cir. 2021) (cleaned up).

Accordingly, we affirm the district court's judgment and deny Smith's motion to expedite our decision as moot.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*